**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| HENRY KEITH EWING, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) ) | 4:13-CV-0020-HLM-WEJ |
| DAYSTAR LOGISTICS, INC., EVERETT EUGENE EASON, JR., CRAIG WEARE, and DAVID GRIFFIN, | ) | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF STATUTORY ATTORNEYS' FEES**

**SUMMARY OF FACTS AND PROCEDURE**

This is a collective action, filed by the representative plaintiff pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), in which the Plaintiffs sought to recover overtime backpay, liquidated damages, and attorneys' fees and costs for work performed while they were employed as delivery drivers at Defendants' company. See, generally, Amended Complaint. Plaintiffs also sought an extended three-year statute of limitations rather than the standard two-year

limitations period, which is available to FLSA plaintiffs who can prove that violations of the FLSA are willful.  Id.; see, 29 U.S.C. § 255(a).  Plaintiffs further alleged that the individual Defendants were liable, along with the corporate Defendant, as "employers" pursuant to the FLSA.  Amended Complaint, para. 3.  Defendants filed an answer denying liability and asserting that Plaintiffs were independent contractors and not employees subject to the requirements of the FLSA.  See, Answer, "Third Defense;" paras. 9, 12, 14.  Defendants also asserted that the Plaintiff drivers, who regularly drove across state lines, were exempt from the FLSA under the Motor Carrier Act exemption because they generally drove vehicles that weighed over 10,000 pounds.  See, Exhibit C, 6/12/13 e-mail from Kemp to Jackson (Defendants' counsel asserting defense based on weight of vehicles and intention to file a motion for summary judgment and seek recovery of Defendants' attorney's fees); Answer, para. 5 (asserting that "some [vehicles driven by Plaintiffs] weighed less than 10,000 lbs and some weighed more than 10,000 lbs.").  After court-supervised notice was issued, two additional  Plaintiffs opted into the lawsuit.  See, Notices of Filing Consents (documents 16, 17).

After notice was issued and two additional plaintiffs opted into the lawsuit, Plaintiffs' counsel advised Defendants' counsel that overtime back pay estimates had been performed based on a review of records provided by Defendants.  See,

Exhibit C, 4/24/13 e-mail from Jackson to Kemp. At that time, Plaintiffs made a settlement demand of $11,905.50 in back pay and liquidated damages, plus statutory attorney's fees and costs to date. Id. Plaintiffs' counsel specifically warned Defense counsel that if depositions and a motion for summary judgment became necessary, "the statutory attorney's fee claim will increase dramatically." Id. Defendants' counsel responded by asserting that his clients might file bankruptcy, but assured Plaintiffs' counsel that he would advise his client "to make the best offer he can." Id., 4/25/13 e-mail from Kemp to Jackson. After Defendants made no settlement offer, on May 1, 2013, Plaintiffs' counsel advised Defendants' counsel that if no settlement offer was forthcoming, Plaintiffs needed to schedule the depositions of the Defendants. Id., 5/1/13 e-mail from Jackson to Kemp. Before depositions were taken, Defendants' counsel asserted that his clients would be entitled to summary judgment based on the Gross Vehicle Weight Rating (GVWR) of the vehicles. Id., 6/12/13 e-mail from Kemp to Jackson. Plaintiffs' counsel responded that the published GVWR's of the vehicles in question indicated that they were under 10,001 pounds, which meant that there was FLSA coverage, but if Defendants were claiming that the published information was incorrect Plaintiffs would need to inspect the vehicles. Id., 6/13/13 e-mail from Jackson to Kemp (agreeing that the GVWR was an important issue, and

stating that "I would like to get to the bottom of this as soon as possible to avoid unnecessary activity.").

After inspection of the vehicles and depositions of the Defendants established that the vehicles had GVWRs of less than 10,001 pounds, but before Plaintiffs prepared a motion for summary judgment, Plaintiffs' counsel again attempted to get the case settled before the statutory attorneys' fee claim increased again. On August 7, 2013, Plaintiffs' counsel requested a seven-day extension of the deadline for filing motions for summary judgment. Id., 8/7/13 e-mail from Jackson to Kemp. Defense counsel agreed and asserted: "Still hope to make a decent offer based on all the facts." Id., 8/7/13 e-mail from Kemp to Jackson. Plaintiffs' counsel then sought and obtained an agreement for a 10-day extension "so we can have a little more time to talk and hopefully avoid this additional work." Id., 8/8/13 e-mail from Jackson to Kemp. After no settlement offer was made by Defendants, but before beginning work on the motion for summary judgment, Plaintiffs' counsel requested that Defendant stipulate that if there was liability, the overtime back pay totaled $5,952.75. Id., 8/20/13 e-mail from Jackson to Kemp. Plaintiff pointed out that presenting the back pay calculations to the Court in a motion for summary judgment would be "very time intensive" and that any dispute as to the amount of damages was slight. Id. After receiving no

response from Defendants' counsel, Plaintiffs' counsel proceeded with preparation of Plaintiffs' Motion for Summary Judgment, including a presentation of proof of the back pay amounts. See, Plaintiffs' Motion for Summary Judgment and Memorandum (documents 33, 33-1). The motion sought a judgment for all overtime back pay ($5,570.02) and liquidated damages (5,570.02) assuming an extended three-year statute of limitations period, for a total of $11,140.04. Id.

On September 11, 2013, after Plaintiffs' Motion for Summary Judgment was filed, Defendants' counsel conveyed a "Last and final offer" to settle for a total of $20,000 (inclusive of attorneys' fees), payable over two years. See, Exhibit C, 9/11/13 e-mail from Kemp to Jackson. Defense counsel again threatened bankruptcy "assuming it is a bankrupt-able situation." Id. At that point, the statutory attorneys' fee claim alone greatly exceeded $20,000. See, Exhibits A and B, Itemized Billing Statements. Just two days later, on September 13, Defendants agreed to enter an Agreed Judgment that awarded Plaintiffs the full amount of damages sought in Plaintiffs' Motion for Summary Judgment and allowed Plaintiffs to file a motion for statutory attorneys' fees after the judgment was entered. See, Joint Motion to Enter Judgment (document 36). The Agreed Judgment in the amount of $11,140.04 was entered on September 17, 2013. See, Agreed Judgment (document 37). Pursuant to Section 216(b) of the FLSA,

Plaintiffs now seek an award of statutory attorneys' fees for counsel's work in obtaining the judgment. Specifically, Plaintiffs' counsel seek a judgment awarding statutory attorneys' fees totaling $46,235.00. <u>See</u>, Exhibits A and B, Itemized Billing Statements.

## LAW AND ARGUMENT

Section 216(b) of the FLSA provides that a reasonable attorney's fee and the costs of the action shall be awarded against the Defendants in addition to any judgment for overtime back pay and liquidated damages. 29 U.S.C. Section 216(b). An award of attorney's fees to a prevailing party under Section 216(b) is mandatory. <u>See</u>, e.g., <u>Fegley v. Higgins</u>, 19 F. 3d 1126, 1134 (6th Cir. 1994), cert. denied, 513 U.S. 875.

The federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. <u>See</u>, e.g., <u>Shelton v. Ervin</u>, 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein"). Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorneys' fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers

whose per-person damages may not be significant. See, e.g., Fegley, 19 F.3d at 1134-43 (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, no numeric relationship requirement exists between the amount of economic losses recovered and the amount of fees recoverable, and it is not uncommon for statutory fee awards in FLSA cases to exceed greatly the amount recovered by plaintiffs in damages.  See, e.g., Bonnette v. California Health & Welfare, 704 F. 2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorneys' fees although damage award was only $18,455); Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 952, 962 (E.D. Wis. 2003) (awarding $34,549.72 in fees, including delay enhancement, where plaintiff recovered $3,540.00 in damages); Fegley, 19 F. 3d at 1134-35 (affirming award of $ 7,680 in overtime compensation and $40,000 in attorneys' fees); Cox v. Brookshire Grocery Co., 919 F. 2d 354, 358 (5th Cir. 1990) (affirming an award of $ 1,181 in overtime compensation and $ 9,250 in attorneys' fees); Perrin v. John B. Webb & Assocs., 2005 U.S. Dist. LEXIS 35473, at *2, 11-12, 13 (M.D. Fla. Oct. 6, 2005) (after settlement for $270.00 in back pay and liquidated damages, awarding $7,446.00 in fees, representing over 27 times recovery:  "[I]n order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"); see, also, City of Riverside v. Rivera, 477

U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under §1988, in order to ensure lawyers are available to represent persons with legitimate claims); Lohman v. Duryea Borough, 574 F. 3d 163, 166-69 (3rd Cir. 2009) (awarding $30,000 in fees where plaintiff recovered $12,205 in damages in Section 1988 case).

A plaintiff is a "prevailing party" if he succeeds on a significant issue in the litigation which has achieved some of the benefit the party sought in bringing the lawsuit. See, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiffs in the present case have succeeded on all significant issues and have achieved all of the benefits sought in bringing the suit, including liability, all of the overtime back pay sought, all liquidated damages sought, application of the three-year statute of limitations for willful violations, and personal liability of two of the three individual Defendants. Compare, Motion for Summary Judgment and Memorandum (documents 33, 33-1) with Agreed Judgment (document 37) (showing that Plaintiffs obtained judgment for all relief sought). Time spent litigating fee requests is recoverable by the plaintiff at the same reasonable hourly rate as for litigating the main case. See, e.g., Martin v. University of S. Ala., 911 F. 2d 604, 610 (11th Cir. 1990).

The trial court has wide discretion to fashion a fee award that is

"reasonable," and the amount of the trial court's fee award will not be disturbed on appeal absent an abuse of discretion. Fegley, 19 F.3d at 1131, 1134 (6th Cir. 1994). In determining a reasonable attorney's fee award, the Court must first determine the "lodestar" figure, which represents the Court's initial determination of the number of hours reasonably expended by the prevailing party on the litigation multiplied by a reasonable hourly rate. See, Hensley, 461 U.S. at 434. The Court may then in its discretion adjust the figure upward or downward according to the particular circumstances of the case. Id. at 428 ("other considerations . . . may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained'").

The factors generally considered by the Court in deciding whether to adjust the lodestar figure include those developed by the Fifth Circuit in the case of Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), as follows:

1. The time and labor required;
2. The novelty and difficulty of the questions involved;
3. The skill requisite to perform the legal service properly;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;

    9.    The experience, reputation, and ability of the attorneys;
    10.    The "undesirability" of the case;
    11.    The nature and length of the professional relationship with the client; and
    12.    Awards in similar cases.

488 F.2d at 717-19. The Court is not required to discuss each factor separately, and it is enough that the record shows that each factor implicated in the particular case was considered. See, e.g., Jones v. Giles, 741 F.2d 245, 250 (9th Cir. 1984). The degree of success obtained by the Plaintiffs is often the most critical factor. See, e.g., Roofers Local 307 v. G&M Roofing, 732 F.2d 495, 503 (6th Cir. 1984) ("Once the initial valuation is derived the trial judge must then measure that amount against several factors, not the least of which would be the results attained by the litigants.").

Applying the 12 factors to the present case, extensive time and labor was required to litigate this lawsuit to its successful conclusion. Court-supervised notice was sent to potential plaintiffs, resulting in two additional plaintiffs opting into the lawsuit. Decl. of Jackson, para. 5. Written discovery and depositions of the Defendants were taken, and the records of three plaintiffs had to be reviewed. Id. Due to Defendants' improper record keeping, which did not contain records of all hours worked by Plaintiffs, a considerable amount of time was spent reviewing paychecks, payroll records, and time records in order to estimate hours worked,

derive overtime rates, and calculate overtime back pay. Id.; see, 29 U.S.C. § 211(c) (requiring employers to keep records of all time worked by nonexempt employees). This case involved numerous legal issues, including whether plaintiffs were independent contractors or employees; whether the Motor Carrier Act exemption applied; the amount of Plaintiffs' back pay; whether Defendants were entitled to the good faith defense to liquidated damages; whether Defendants' violations of the FLSA were willful; and whether the individual Defendants were personally liable as employers. Decl. of Jackson, para. 5; see, generally, Amended Complaint and Answer. Plaintiffs' counsel represented three Plaintiffs, which resulted in more work than a case involving a single Plaintiff. Id. A motion for summary judgment with supporting proof and memorandum was filed.

Moreover, Plaintiffs were forced to perform the work necessary to obtain a judgment due to Defendants' denial of liability and repeated refusal to settle despite several attempts by Plaintiffs' counsel to resolve the case without unnecessary attorney activity. See, Decl. of Jackson, para. 4; Exhibit C, e-mail communications between counsel; see, also, Lohman v. Duryea Borough, 574 F. 3d 163, 167 (3rd Cir. 2009) (considering settlement negotiations in determining reasonable attorneys' fees in Section 1988 action: "We agree with the District Court that Rule 408 does not bar a court's consideration of settlement negotiations

in its analysis of what constitutes a reasonable fee award in a particular case.");

Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (considering attempts at settlement by plaintiff, rejected by defendant, in awarding over $34,000 in fees in FLSA case where plaintiff recovered only $3,540 in damages: "[T]he City has only itself to blame for the disproportionality between the attorneys' fees incurred and the amount Heder recovered."); City of Riverside v. Rivera, 477 U.S. 561, 580-81 n. 11 (1985) (plurality opinion) ("The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.") (internal citation and quotation marks omitted). It was only after Plaintiffs' counsel were forced to perform all of the work necessary to file a motion for summary judgment that Defendant made a settlement offer, followed by an agreement to allow a judgment to be entered that awarded Plaintiffs all of the relief sought in the motion. See, Exhibit C, 9/11/13 e-mail from Kemp to Jackson

The legal issues involved in this case are part of a specialized area of practice. Plaintiffs' lead counsel has been a practicing attorney for almost 24 years, is licensed in both Georgia and Tennessee, and has extensive jury trial and bench trial experience. Decl. of Jackson, para. 2. Moreover, he has extensive experience in litigating FLSA cases, and has handled over 100 FLSA cases during

that time. Id., para. 3. He has obtained notable results in FLSA cases. Id; see, Cowan v. Treetop Enterprises, 163 F. Supp. 3d 930 (M.D. Tenn. 2001) (obtained summary judgment on liability and judgment after bench trial on damages of approximately $3 million on behalf of 125 Waffle House unit managers in executive exemption case); Wilson v. Guardian Angel Nursing, Inc., 2008 U.S. Dist. LEXIS 59623 (M.D. Tenn. 2008), and Final Judgment, case #3-07-cv-00069, document 543 (obtained summary judgment on liability and approximately $3.5 million judgment on behalf of 287 nurses in alleged independent contractor case). Lead counsel's co-counsel in this case has been a practicing attorney in Georgia for almost 16 years, and has extensive jury trial and bench trial experience. Decl. of McCown, para. 2.

Furthermore, the results obtained could not have been more favorable. By virtue of the Agreed Judgment, Plaintiffs prevailed on every issue, including liability, the number of uncompensated hours worked, the amount of backpay, the good faith defense to liquidated damages, the extended three-year limitations period for willful violations, and individual liability as an "employer" (for two out of three individual defendants). The recovery for Plaintiffs was the maximum that they could have received at trial based on calculations of back pay perform by Plaintiffs' counsel. See, Decl. of Jackson, para. 6 (testimony that based on the

calculations performed by Plaintiffs' counsel, which resolved any calculation questions in favor of the plaintiffs, the judgment represents at least 100% of the damages that plaintiffs could have been awarded at trial).

Finally, the $350 hourly rate sought by Plaintiffs counsel is reasonable and customary for this type of work in this community. Id., para. 7; Decl. of McCown, para. 3. A United States District Court in the nearby Eastern District of Tennessee, Chattanooga Division, recently approved Plaintiffs' counsel's fees in an FLSA case at a rate of $400.00 an hour. Id. In addition, Plaintiffs' counsel agreed to represent the Plaintiffs pursuant to a contingency fee agreement that allowed them to recover statutory attorneys' fees only if they were successful, so that Plaintiffs' counsel took on the risk of performing work and advancing expenses for which they might never be reimbursed. Decl. of Jackson, para. 8. If counsel for FLSA plaintiffs are not allowed to recover a reasonable hourly fee for their work in cases involving a relatively low amount of damages, Plaintiffs in such cases will likely have difficulty retaining competent counsel. See, e.g., City of Riverside, 477 U.S. at 561 (no rule of proportionality in cases awarding fees under §1988, in order to ensure lawyers are available to represent persons with legitimate claims).

## CONCLUSION

Plaintiffs submit that the record does not provide a basis for a decrease of the lodestar amount of $46,235.00. Accordingly, Plaintiffs respectfully request that the Court enter a judgment awarding statutory attorney's fees to the Plaintiffs in the amount of $$46,235.00 pursuant to Section 216(b) of the FLSA.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #387630
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
615-313-8188
rsjackson@rsjacksonlaw.com

John McCown, #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
423-265-4878
johnmccown@gmail.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:

    L. Hugh Kemp
    313 N. Selvidge Street
    Suite 101
    Dalton, GA  30720

On this the 26th day of September, 2013.

      I also certify that this brief complies with the type and format limitations Local Rule 5.1B.

                                          /s/ R. Scott Jackson, Jr.
                                          R. Scott Jackson, Jr.