# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

HENRY KEITH EWING, on behalf of himself and all others similarly situated,

      Plaintiff,

vs.

DAYSTAR LOGISTICS, INC., EVERETT EUGENE EASON, JR., and CRAIG WEARE,

      Defendants.

CIVIL ACTION NO.

4:13-CV-0020-HLM-WEJ

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR AWARD OF STATUTORY ATTORNEYS' FEES

In Defendants' response to Plaintiffs' Motion for Award of Attorneys' Fees (document 40), Defendants argue that an hourly fee of $200-250 is appropriate, rather than the requested rate of $350 an hour. Defendants have presented no proof supporting this contention, whereas Plaintiffs' counsel has presented testimony that $350-$400 an hour is a reasonable rate. See, Declaration of Jackson, para. 7 (document 38-2).

Defendants assert that "some of the specific times involved are not rationally related to the description of the services performed[,]" citing 9.75 hours of work in

preparing Plaintiffs' Motion for Summary Judgment on August 26, 2013. Defendants' Response, p. 1. Plaintiffs' counsel spent a total of 16.50 hours over two days in preparing Plaintiffs' Motion, Statement of Material Facts, Memorandum, and supporting proof/exhibits. See, Itemized Billing Statement of Jackson, 8/25/13 and 8/26/13 entries (document 38-4). Considering the numerous legal and factual issues involved, Plaintiffs' counsel suggests that it would be difficult to perform this work competently in less time. The only other specific time entry criticized by Defendants is counsel's performance of 4.85 hours of research on the Motor Carrier Act exemption as applied to vehicles weighing 10,000 pounds or less. Defendants' Response, p. 2; see, Itemized Billing Statement of Jackson, 12/28/12 entry. Counsel submits that devoting this amount of time to research on a technical and somewhat obscure issue is not unreasonable regardless of his FLSA experience. Defendants have not asserted that there was any duplication of effort between Plaintiffs' attorneys or otherwise cited any unnecessary work.

    Defendants cite the fact that the recovery was small, without addressing the numerous cases cited by Plaintiffs establishing that no numeric relationship requirement exists in an FLSA case between the amount of the economic losses recovered and the amount of fees recoverable. See, Plaintiffs' Memorandum in

Support of Motion for Award of Attorneys' Fees, pp. 6-7 (document 38-1). Defendants also did not address the fact that Plaintiffs prevailed on every single issue in the lawsuit.

Finally, Defendants assert that "because of the co-operation of the Defendant and the Defendants' counsel, Plaintiffs' path to the minimal recovery from our clients was not as difficult as it appears." Defendants' Response, p. 2. This statement is puzzling, since Plaintiffs presented proof demonstrating that despite repeated attempts by Plaintiffs' counsel at various stages to settle the case in an effort to avoid unnecessary attorney activity, Defendants refused to make a settlement offer and forced Plaintiffs to engage in discovery and file a motion for summary judgment. <u>See</u>, Plaintiffs' Memorandum, pp. 2-5. After Plaintiffs filed the motion for summary judgment, Defendants agreed to the entry of a judgment awarding 100% of the relief sought in the motion. <u>Id</u>. Defendants have not presented any proof disputing Plaintiffs' account of these events.

Defendants have not presented any evidence or cited any case law supporting their contention that Plaintiffs' counsel's fees should be reduced. Accordingly, Plaintiffs respectfully request that they be awarded the full amount sought in their motion.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #387630
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
615-313-8188
rsjackson@rsjacksonlaw.com


John McCown, #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
423-265-4878
johnmccown@gmail.com

Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:

L. Hugh Kemp
313 N. Selvidge Street
Suite 101
Dalton, GA  30720

On this the 17th day of October, 2013.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.